# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| DEBORAH A. MADERA, | : | Bankruptcy No. 06-13000DWS |
| | : | |
| Debtor. | : | |
| | : | |
| DEBORAH A. MADERA, and | : | Adversary No. 07-0001 |
| MICHAEL MADERA, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| AMERIQUEST MORTGAGE CO., | : | |
| AMC MORTGAGE SERVICES, INC., | : | |
| | : | |
| Defendants. | : | |

# ORDER

**AND NOW**, this 10th day of April 2007, upon consideration of the Motion of Defendant Ameriquest Mortgage Co. ("Ameriquest") for Summary Judgment (the "Motion"), and the response thereto of Plaintiffs;

**And** the Court having entered summary judgment in a prior adversary proceeding involving Plaintiffs and Ameriquest, i.e., Madera v. Ameriquest, Adv. No. 06-0417, 2007 WL 521323 (Bankr. E.D. Pa. Feb. 8, 2007), reconsideration denied February 28, 2007 (hereinafter "Madera I"), in favor of Ameriquest and against Plaintiffs, a decision which Plaintiffs appealed to the District Court on March 9, 2007;

**And** Plaintiffs having amended their Notice of Appeal to include the docket number of this adversary case, contending that the rulings in the adversary proceeding from which the appeal was taken "raised issues pertinent to the Adversary No. 07-0001;"

**And** Plaintiffs' sole response to the Motion being that the pending appeal divests this Court of jurisdiction to consider the Motion;[1]

**And** there being no order in <u>this</u> adversary proceeding from which Plaintiffs could appeal and which could result in a loss of bankruptcy court jurisdiction, Plaintiffs' defense to the Motion is soundly rejected;[2]

**And** a motion for summary judgment being governed by Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 56 applicable in this proceeding pursuant to Federal Rule of Bankruptcy 7056;

---

[1] As I discussed in <u>Madera I</u>, Plaintiffs sought to amend their complaint at the eleventh hour in response to Ameriquest's summary judgment motion. The proposed amended complaint in <u>Madera I</u> is identical to the Complaint filed in this adversary proceeding as to Ameriquest. After denying the amendment request from the bench, I subsequently explained my reasoning further in the opinion granting summary judgment. The reasons for my denial included a finding that the proposed amendments would be futile. 2007 WL 521323, at * 12-13. Plaintiffs' counsel argues that the rulings in <u>Madera I</u> denying the amendment as futile could affect his right to raise the same issues in this proceeding. As is apparent from the decision on this Motion, he is correct. However, that does not allow him to file a preemptive notice of appeal to foreclose a ruling from being made.

Not surprisingly Plaintiffs fail to cite any legal authority for the position that the mere presence of identical issues and claims in <u>Madera I</u> divests this Court of jurisdiction to address the merits of <u>this</u> adversary proceeding. Indeed, Plaintiffs' argument eviscerates the doctrines of issue and claim preclusion that have arisen to address duplicative, successive lawsuits and which Ameriquest has correctly raised.

[2] Notably the Plaintiff's sole response to the Motion is their erroneous jurisdictional claim. They have offered no defense to the merits of the Motion.

**And** summary judgment, "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c);

**And** it being well-established that the party moving for summary judgment must overcome the initial burden of demonstrating the absence of a material question of fact, Celotex v. Catrett, 477 U.S. 317, 325 (1986);[3]

**And** a court must find that the motion alleges facts which, if proven at trial, would require a directed verdict, 6 J. Moore, Moore's Federal Practice, ¶ 56.26 (2d ed. 1988);

**And** Ameriquest seeking summary judgment based upon the doctrine of claim preclusion, formerly called *res judicata*, which holds that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action," Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979);

**And** claim preclusion preventing litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding, id. (citations omitted);

**And** claim preclusion requiring: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action, Board of Trustees of Trucking Employees Pension Fund v. Centra, 983 F.2d 495, *504 (3d Cir. 1992);

---

[3] The substantive law will determine which facts are material. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. Id. at 255.

**And** the first two requirements being easily met here, i.e., there was a final judgment on the merits in Madera I and it was between parties identical in that proceeding and the instant one;

**And** whether two lawsuits are based on the identical cause of action "turn[s] on the essential similarity of the underlying events giving rise to the various legal claims," id.;

**And** taking judicial notice of the complaint in Madera I, which alleged various disclosure deficiencies in Plaintiffs' loan transaction with Ameriquest in June 2005 that allegedly gave rise to a Truth In Lending Act ("TILA") violation;[4]

**And** the claims brought in this adversary proceeding being based upon the identical June 2005 loan transaction that was the basis of the claims in Madera I,[5] the

---

[4] By the time of the hearing on the summary judgment motion, Plaintiffs's counsel conceded that the only remaining potential TILA violation was Ameriquest's charge for title insurance, which was excluded from the computation of the "finance charge." 2007 WL 521323 at * 7. I found that the only other claim, brought under the Real Estate Settlement Practices Act ("RESPA"), was limited by the statute to a servicer of the loan, who was not a party to Madera I. It was understood at the summary judgment hearing that Plaintiffs would file a separate proceeding against the servicer to pursue this claim. The Complaint filed in this action goes beyond asserting a RESPA claim against servicer AMC. Infra n. 5.

[5] This Complaint essentially restates the same facts of the 2005 loan transaction between Plaintiffs and Ameriquest in the Madera I complaint. The only additional fact alleged in this Complaint is that at the loan closing Ameriquest provided two separate and confusing notices regarding Plaintiffs' cancellation rights under the loan, which Plaintiffs argue provides a new basis for liability under TILA as well as a claim under Pennsylvania's consumer protection statute ("UDAP"). The UDAP claim is also based on alleged bait-and-switch tactics by Ameriquest, but those tactics were alleged in the Madera I complaint, albeit with less detail. When Plaintiffs sought to amend their complaint in Madera I on these bases, I found that the new claims, like the existing TILA claim, would be barred by the Rooker-Feldman doctrine to the extent that they sought the remedy of recission, and that the UDAP claim would fail because Ameriquest's alleged misrepresentation did not cause Plaintiffs' asserted harm. As a procedural matter, I also found Plaintiffs' delay in seeking the amendment wholly unexplained:

> These new claims are clearly not based upon newly discovered evidence. Plaintiffs
>                                                                    (continued...)

third requirement of claim preclusion is met here, see <u>Mars Inc. v. Nippon Conlux Kabushiki-Kaisha</u>, 58 F.3d 616, 619 (3d Cir. 1995) ("It is well established that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together);

**And** to the extent that the Complaint reasserts an issue that was actually litigated in <u>Madera I</u>, i.e., the reasonableness of the title insurance charge as a basis for a TILA violation, such a claim is also barred under the doctrine of issue preclusion, e.g. <u>Graham v. Internal Revenue Service</u>, 973 F.2d 1089 (3d Cir. 1992) (noting the four elements of issue preclusion: (1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the determination of the issue must have been

---

(...continued)
       were questioned about the two cancellation notices in their depositions on October 9, 2006, and the facts behind the UDAP claim are already alleged in the extant Complaint. I therefore found not credible the basis stated in the Amendment Motion, namely that Plaintiffs were able to assess their defenses and viable claims in the Proceeding "for the first time in the week of October 23 through 27, 2006." Discovery was closed by October 20 without Plaintiffs having sought any extension.

       . . .

       In short, Plaintiffs were fully aware before the conclusion of discovery of the facts giving rise to the new claims asserted, yet their failure to raise the new claims prior to the SJ Motion was "truly unexplained."

2007 WL 521323 at * 12. For this same reason, Plaintiffs cannot simply reassert these same claims in a new action. "Claim preclusion, . . . applies even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence." <u>Haefner v. North Cornwall Tp.</u>, 40 Fed.Appx. 656, 658, 2002 WL 1587658 (3d Cir. 2002). The cancellation notices are neither "newly discovered" nor undiscoverable through due diligence. To the contrary, they were actually discovered in <u>Madera I</u>.

<u>Adversary No. 07-0001</u>

essential to the final judgment; (4) the party against whom estoppel is invoked must be fully represented in the prior action);

It is hereby **ORDERED** that:

(1) The Motion is **GRANTED**. Judgment is entered in favor of Ameriquest and against Plaintiffs.

(2) All other provisions of the January 31, 2007 Pre-trial Order remain in full force and effect as to Plaintiffs and the remaining Defendant.

_____
        DIANE WEISS SIGMUND
        Chief U.S. Bankruptcy Judge